IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREGORY W. THORPE, *et al.*

Plaintiffs

v.

CROSS & BENNETT, LLC, *et al.*

Defendants

CASE NO. 12-cv-11632-RWZ

## THORPE AND HAMRICK'S ANSWER TO CROSS & BENNETT'S [AMENDED] COUNTERCLAIM[1]

Greg Thorpe and Blair Hamrick (collectively "Thorpe and Hamrick"), by their undersigned counsel, answer Defendants, Keith F. Cross ("Cross"), Joseph F. Bennett ("Bennett"), and Cross & Bennett LLC's (collectively "Cross & Bennett") [Amended] Counterclaim as follows. Thorpe and Hamrick deny each and every allegation not specifically admitted.

1. The allegations contained in paragraph 1 of Cross & Bennett's Counterclaim are admitted.

2. It is admitted that Kenney & McCafferty, P.C., Thorpe and Hamrick's current *qui tam* counsel, issued a July 2, 2012 press release. That press release is a document which speaks for itself, and any characterization of it is denied. The characterizations of the state of the law with respect to False Claims Act litigation and off-label promotion are legal conclusions that require neither admission nor denial. All other allegations contained in paragraph 2 of Cross & Bennett's Counterclaim are denied.

---

[1] Cross & Bennett amended paragraph 43 of its Counterclaim when the law firm amended its Answer, but did not re-title the Counterclaim as "Amended." Thorpe and Hamrick hereby respond to the Counterclaim as amended on November 16, 2012.

4670695

3. It is denied that "[f]or seven years, Cross & Bennett worked tirelessly on behalf of Thorpe and Hamrick...." All other allegations contained in paragraph 3 of Cross & Bennett's Counterclaim are admitted.

4. It is admitted that the United States Department of Justice had begun settlement negotiations with Glaxosmithkline ("GSK") by "late in 2009." All other allegations contained in paragraph 4 of Cross & Bennett's Counterclaim are denied.

5. It is denied that the settlement with GSK was the result of work done by Cross & Bennett. It is further denied that Cross & Bennett were "instrumental" in achieving that settlement, that the settlement resulted from Cross & Bennett working as a team with other lawyers, and that the result for Thorpe and Hamrick was "extraordinary." All other allegations contained in paragraph 5 of Cross & Bennett's Counterclaim are admitted.

6. It is denied that Cross & Bennett performed the "bulk of the work that resulted in the recovery [from GSK]." It is further denied that the negotiations between the DOJ and GSK were in their final stages in January of 2010. Indeed, the settlement was not finalized until mid-2012. All other allegations of paragraph 6 of Cross & Bennett's Counterclaim are admitted.

7. It is admitted that Thorpe and Hamrick's position in this litigation is that Cross & Bennett are not entitled to any legal fees, and indeed that they are liable to Thorpe and Hamrick for damages arising from Cross & Bennett's malpractice and ethical violations. All other allegations contained in paragraph 7 of Cross & Bennett's Counterclaim are denied.

8. The allegations contained in paragraph 8 constitute legal conclusions that require neither admission nor denial. To the extent paragraph 8 states any allegations of fact, those allegations are denied.

9. The allegations contained in paragraph 9 are denied. To the extent the allegations contained in paragraph 9 constitute legal conclusions or requests for relief, they require neither admission nor denial.

4670695

## PARTIES

12. The allegations contained in paragraph 12 of Cross & Bennett's Counterclaim are admitted upon information and belief.

13. The allegations contained in paragraph 13 of Cross & Bennett's Counterclaim are admitted upon information and belief.

14. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 14 of Cross & Bennett's Counterclaim.

15. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 15 of Cross & Bennett's Counterclaim.

16. The allegations contained in paragraph 16 of Cross & Bennett's Counterclaim are admitted.

17. The allegations contained in paragraph 17 of Cross & Bennett's Counterclaim are denied. Hamrick is an individual who resides at 3710 Forrest Beach Dr. NW, Gig Harbor, WA. 98335.

## JURISDICTION

18. The allegations contained in paragraph 18 of Cross & Bennett's Counterclaim constitute legal conclusions that require neither admission nor denial.

4670695

## FACTS[2]

19. The allegations contained in paragraph 19 of Cross & Bennett's Counterclaim are admitted. Further answering, Cross also discussed with Thorpe the possibility of filing an action against GSK under the False Claims Act during the October 3, 2001 meeting. Further, Thorpe's first contact with Cross & Bennett took place on September 18, 2001.

20. The allegations contained in paragraph 20 of Cross & Bennett's Counterclaim are admitted.

21. It is denied that Thorpe and Cross first discussed filing a *qui tam* action against GSK in the Spring of 2002. It is further denied that Thorpe initially raised the possibility of filing a False Claims Act case. It is denied that Cross informed Thorpe that he "may not have sufficient time to handle" the False Claims Act case. The remaining allegations contained in paragraph 21 of Cross & Bennett's Counterclaim are admitted.

22. It is admitted that Cross conducted research in the fall of 2002 related to the preparation of original complaint filed against GSK on behalf of Thorpe and Hamrick in January 2003. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 22 of Cross & Bennett's Counterclaim, and, therefore those allegations are denied. To the extent paragraph 22 states legal conclusions, they require neither admission nor denial.

23. The characterization of the separation agreement between Thorpe and GSK as "unusually favorable" is denied. It is further denied that it was Thorpe's idea to bring on an additional co-relator. All other allegations contained in paragraph 23 of Cross & Bennett's Counterclaim are admitted.

---

[2] Footnote 1 of Cross & Bennett's Counterclaim is denied as a characterization of Cross & Bennett's Counterclaim. The Counterclaim is a document that speaks for itself.

4

4670695

24. It is denied that the release provided by Thorpe to GSK is binding or effective. It is further denied that Cross & Bennett's representation of Thorpe with respect to potential personal retaliation claims terminated with the execution of the separation agreement with GSK. All other allegations contained in paragraph 24 of Cross & Bennett's Counterclaim are admitted.

25. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 25 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

26. It is admitted that in December 2002 Cross drafted a *qui tam* complaint against GSK on behalf of Thorpe and Hamrick. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 26 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

27. It is denied that Cross & Bennett acted diligently in their representation of Thorpe and Hamrick. All other allegations contained in paragraph 27 of Cross & Bennett's Counterclaim are admitted.

28. It is admitted that in 2003 Cross reviewed documents provided to him by Thorpe and Hamrick, and that Cross provided documents and information to Edwin Winstead and Andy Mao. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 28 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

29. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations characterizing how government representatives "seemed very interested" in the allegations of the *qui tam* complaint or "appeared" to be relying on the legal analysis of Cross & Bennett, and, therefore, those allegations are denied. The remaining allegations contained in paragraph 29 of Cross & Bennett's Counterclaim are admitted.

4670695

30. It is admitted that in April and May of 2003 Cross communicated with Thorpe and Hamrick. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 30 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

31. It is admitted that on July 18, 2003, Michael Theis and Edwin Winstead contacted Cross to inform him of a related later-filed case brought by Erika Kelton of Phillips & Cohen in the District of Massachusetts. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations that Theis and Winstead "encouraged" Cross to enter into an agreement with Phillips & Cohen, and, therefore, those allegations are denied. All other allegations of paragraph 31 of Cross & Bennett's Counterclaim are denied.

32. The allegations contained in paragraph 32 of Cross & Bennett's Counterclaim are admitted.

33. It is admitted that between August 2003 and January 2004 Cross engaged in negotiations with Philip & Cohen which ultimately resulted in a sharing agreement. To the extent the allegations of paragraph 33 seek to characterize the sharing agreement, those allegations are denied. The sharing agreement is a document that speaks for itself. All other allegations contained in paragraph 33 of Cross & Bennett's Counterclaim are denied. It is further specifically denied that Thorpe and Hamrick "were kept informed of the settlement negotiations throughout and consented to the agreement with full disclosure of the potential risks and benefits."

34. It is admitted that Cross communicated with the government during the second half of 2003. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 34 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

4670695

35. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 35 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

36. It is denied that Cross worked "in close concert" with Thorpe and Hamrick while negotiating with counsel for the plaintiff who filed suit in 2000. All other allegations contained in paragraph 36 of Cross & Bennett's Counterclaim are admitted.

37. The allegations contained in paragraph 37 of Cross & Bennett's Counterclaim are denied. In 2004 Cross instructed Thorpe and Hamrick to cease sending him information because he allegedly lacked the facilities and resources to review and store the information.

38. The allegation that Cross was in "almost daily" contact with Thorpe and Hamrick throughout 2004 is denied. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegation regarding the frequency with which Cross was in contact with federal and state governments, and, therefore, that allegation is denied. All other allegations contained in paragraph 38 of Cross & Bennett's Counterclaim are admitted.

39. It is admitted that the First Amended Complaint was filed on April 27, 2005. The First Amended Complaint is a document that speaks for itself. It is denied that Thorpe told Cross that he was "very happy" with the First Amended Complaint. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 39 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

40. It is admitted that from May 2005 through December 2005 Cross communicated with Edwin Winstead and Erica Kelton. It is further admitted that in 2006 Thorpe and Hamrick were distressed that the *qui tam* action was not progressing faster. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 40 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

4670695

41. It is admitted that Cross & Bennett and Thorpe and Hamrick entered into a Contingent Fee Agreement dated February 1, 2007. To the extent the allegations of paragraph 41 seek to characterize the February 1, 2007 Contingent Fee Agreement, those allegations are denied. The Contingent Fee Agreement is a document that speaks for itself.

42. It is admitted that Cross & Bennett and Thorpe and Hamrick entered into a Contingent Fee Agreement dated February 1, 2007. To the extent the allegations of paragraph 42 seek to characterize the February 1, 2007 Contingent Fee Agreement, those allegations are denied. The Contingent Fee Agreement is document that speaks for itself.

43. It is admitted that Cross forwarded materials that he received from his clients to the United States Attorney's Office, including GSK's Welbutrin XL launch kit (to Sara Bloom and Edwin Winsted), cassette tapes related to Wellbutrin SR and "Operation Hustle" (to Sara Bloom), GSK's Lamictal Selling Resource for 2001 (to Edwin Winsted), and a resume of Kim Poinsett-Holmes, Pharm.D., that she had posted on the internet (to Edwin Winsted). Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 43 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

44. The allegations contained in paragraph 44 of Cross & Bennett's Counterclaim are admitted, except that Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations regarding Cross's communications with Sara Bloom, the FBI, and Andy Mao, and, therefore, those allegations are denied.

45. It is admitted that Cross drafted a Second Amended Complaint that was filed on July 11, 2008. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 45 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

4670695

46. The allegations contained in paragraph 46 of Cross & Bennett's Counterclaim are admitted.

47. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegation that Cross performed data mining, and, therefore, that allegation is denied. All other allegations contained in paragraph 47 of Cross & Bennett's Counterclaim are admitted.

48. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 48 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

49. It is admitted that Cross produced a letter to the government in November 2008 regarding Advair. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 49 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

50. It is admitted that Cross forwarded an article regarding Lamictal to the government in December 2008. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 50 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

51. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegation that Cross prepared the Third Amended Complaint "towards the end of December 2008," and, therefore, that allegation is denied. It is admitted that the Cross drafted the Third Amended Complaint, that the Third Amended Complaint added claims relating to Advair and Paxil, and that the Third Amended Complaint was filed on January 2, 2009. All other allegations contained in paragraph 51 of Cross & Bennett's Counterclaim are denied.

52. It is admitted that Cross forwarded marketing documents from Hamrick relating to Advair to the government in January 2009. Thorpe and Hamrick are without sufficient

9

4670695

information to form an opinion or belief as to the remaining allegations of paragraph 52 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

53. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 53 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

54. It is admitted that Cross obtained a partial lifting of the court's seal and sent certified letters to the states named in the amended complaints. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 54 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

55. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 55 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

56. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 56 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

57. It is admitted that on August 21, 2009 Cross sent a letter to the government regarding GSK's use of medical literature to market Advair. That letter is a document that speaks for itself, and all characterizations of it are denied. It is admitted that a presentation regarding Advair and mild asthma was prepared by Phillips & Cohen, which was based on documents provided by Thorpe and Hamrick, and that Erika Kelton gave that presentation to the government on August 21, 2009. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 57 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

4670695

58. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 58 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

59. It is admitted that Thorpe sent an e-mail to Cross on September 9, 2009, attached as Exhibit 2 to Cross & Bennett's Counterclaim. That e-mail is a document which speaks for itself, and all characterizations of that document in paragraph 59 of Cross & Bennett's Counterclaim are denied.

60. It is admitted that from September 17 to 19, 2009 Cross attended a meeting in Washington D.C. with government representatives regarding Thorpe and Hamrick's *qui tam* action against GSK. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 60 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

61. It is admitted that Thorpe sent an e-mail to Cross on September 22, 2009, attached as Exhibit 3 to Cross & Bennett's Counterclaim. That e-mail is a document which speaks for itself, and all characterizations of that document in paragraph 61 of Cross & Bennett's Counterclaim are denied.

62. It is admitted that Cross sent a letter to Thorpe and Hamrick on September 22, 2009, attached as Exhibit 4 to Cross & Bennett's Counterclaim. That letter is a document which speaks for itself, and all characterizations of that document in paragraph 62 of Cross & Bennett's Counterclaim are denied. It is further denied that Thorpe and Hamrick were engaged in "transparent efforts to reduce their liability for legal fees by alleging specious claims of ethical violations and malpractice."

63. It is admitted that Thorpe sent an agreement to Cross on September 23, 2009, attached as Exhibit 5 to Cross & Bennett's Counterclaim. That agreement is a document which

4670695

speaks for itself, and all characterizations of that document are denied. All other allegations of paragraph 63 of Cross & Bennett's Counterclaim are denied.

64. The allegations of paragraph 64 of Cross & Bennett's Counterclaim are admitted. By way of further response, Cross filed the Fourth Amended Complaint without the review and approval of Thorpe and Hamrick.

65. It is admitted that Thorpe sent an e-mail to Cross on October 9, 2009, attached as Exhibit 6 to Cross & Bennett's Counterclaim. That e-mail is a document which speaks for itself, and all characterizations of that document in paragraph 65 of Cross & Bennett's Counterclaim are denied.

66. The allegations of paragraph 66 of Cross & Bennett's Counterclaim are admitted. By way of further response, the October 21, 2009 termination letter was sent by both Thorpe and Hamrick.

67. It is admitted that Thorpe sent an e-mail to Cross on October 22, 2009, attached as Exhibit 7 to Cross & Bennett's Counterclaim. That e-mail is a document which speaks for itself, and all characterizations of that document in paragraph 67 of Cross & Bennett's Counterclaim are denied.

68. It is admitted that Thorpe sent an e-mail to Cross on October 30, 2009, attached as Exhibit 8 to Cross & Bennett's Counterclaim. That e-mail is a document which speaks for itself, and all characterizations of that document are denied. All other allegations of paragraph 68 of Cross & Bennett's Counterclaim are denied.

69. The allegations of paragraph 69 of Cross & Bennett's Counterclaim are admitted.

70. It is admitted that the Office of Disciplinary Counsel sent a letter to Thorpe and Hamrick on November 23, 2009, attached as Exhibit 9 to Cross & Bennett's Counterclaim. That letter is a document which speaks for itself, and all characterizations of that document in paragraph 70 of Cross & Bennett's Counterclaim are denied.

4670695

71.     It is admitted that Cross & Bennett filed a Notice of Attorney's Lien on November 12, 2009, a copy of which is attached as Exhibit 10 to Cross & Bennett's Counterclaim, in Thorpe and Hamrick's *qui tam* action. That notice is a document which speaks for itself, and all characterizations of that document in paragraph 71 of Cross & Bennett's Counterclaim are denied. To the extent paragraph 71 states conclusions of law, no admission or denial is required.

72.     The allegations of paragraph 72 of Cross & Bennett's Counterclaim are admitted.

73.     Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 73 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

74.     The allegations of paragraph 74 of Cross & Bennett's Counterclaim are admitted. By way of further response, not all relator's share payments have been received to date, and thus the exact amount that Kenney & McCafferty will receive has not yet been determined.

75.     The allegations of paragraph 75 of Cross & Bennett's Counterclaim are admitted.

76.     The allegations of paragraph 76 of Cross & Bennett's Counterclaim are admitted.

77.     The allegations of paragraph 77 of Cross & Bennett's Counterclaim are admitted.

78.     The allegations of paragraph 78 of Cross & Bennett's Counterclaim are admitted.

79.     The allegations of paragraph 79 of Cross & Bennett's Counterclaim are admitted.

80.     It is denied that recovery relating to the off-label marketing of Advair is attributable to the "hard work" of Cross & Bennett, or that Thorpe and Hamrick would not have realized the recovery without Cross & Bennett's efforts. It is denied that information generated through data mining was more important to the development of the claims relating to the off-label marketing of Advair than information provided by Thorpe and Hamrick. It is denied that Cross made any meaningful contribution to the development of the legal theory relating to the off-label marketing of Advair beyond passing on documents and information provided by Thorpe

4670695

and Hamrick. It is denied that Hamrick did not provide information in support of the claims relating to the off-label marketing of Advair until after Cross asked for those documents. To the contrary, Hamrick provided documents and information relating to those claims as early as 2002 without prompting by Cross. The remaining allegations of paragraph 80 of Cross & Bennett's Counterclaim are admitted.

81. It is denied that Cross & Bennett acted carefully and prudently to protect Thorpe and Hamrick's interests. It is admitted that Cross advised Thorpe and Hamrick to retain separate counsel with respect to certain negotiations between Thorpe and Hamrick regarding the division of any recovery in the *qui tam* case. It is admitted that Cross advised Thorpe and Hamrick to retain separate counsel with respect to allegations of misconduct by Cross & Bennett. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the remaining allegations of paragraph 81 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

82. It is admitted that Cross & Bennett provided information to Kenney & McCafferty subsequent to Cross & Bennett's termination. It is admitted that undersigned counsel has discussed Thorpe and Hamrick's malpractice claims with counsel for Cross & Bennett, and that Thorpe and Hamrick have taken the position that Cross & Bennett's Attorney's Lien is without merit. The remaining allegations and characterizations of paragraph 82 of Cross & Bennett's Counterclaim are denied.

83. The allegations of paragraph 83 of Cross & Bennett's Counterclaim are admitted. By way of further response, not all relator's share payments have been received to date, and thus the exact amount that Thorpe and Hamrick will receive has not yet been determined.

84. Thorpe and Hamrick are without sufficient information to form an opinion or belief as to the allegations of paragraph 84 of Cross & Bennett's Counterclaim, and, therefore, those allegations are denied.

14

4670695

85. It is admitted that the Cross & Bennett file, as produced to Thorpe and Hamrick, contains more than 42,000 Bates numbered pages and 4,750 emails. The remaining allegations of paragraph 85 of Cross & Bennett's Counterclaim are denied. Further, it is denied that the materials produced to Thorpe and Hamrick constitute Cross & Bennett's entire file relating to the *qui tam* litigation.

## COUNT I – QUANTUM MERUIT (UNJUST ENRICHMENT)

86. Thorpe and Hamrick hereby incorporate their answers contained in paragraphs 1 through 85 above.

87. The allegations contained in paragraph 87 constitute legal conclusions that require neither admission nor denial. To the extent paragraph 8 states any allegations of fact, those allegations are denied.

## AFFIRMATIVE DEFENSES

1. Any right Cross & Bennett had to compensation has been forfeited by Cross & Bennett's malpractice and ethical violations set forth in Thorpe and Hamrick's Complaint in this action, which is hereby incorporated by reference.

2. Cross & Bennett's Counterclaim is subject to recoupment and/or set-off based upon the damages Thorpe and Hamrick's suffered from malpractice and ethical violations set forth in Thorpe and Hamrick's Complaint in this action.

3. Cross & Bennett's claim for compensation is excessive and unreasonable under the circumstances.

4. Cross & Bennett do not have a valid lien due to Cross & Bennett's malpractice and ethical violations set forth in Thorpe and Hamrick's Complaint in this action, which is hereby incorporated by reference. The hold on Thorpe and Hamrick's money pursuant to that invalid lien is improper and is causing damage to Thorpe and Hamrick.

15

4670695

5.  Cross & Bennett do not have a valid lien due to the fact that Cross & Bennett do not have a valid claim for attorneys' fees against Thorpe and Hamrick.

6.  Thorpe and Hamrick had good cause to discharge Cross & Bennett, and discharged Cross & Bennett in good faith.

7.  Cross & Bennett's claim for attorneys' fees should be reduced due to Cross & Bennett's misconduct set forth in Thorpe and Hamrick's Complaint in this action, in an amount to be determined at trial.

**WHEREFORE**, Thorpe and Hamrick pray for judgment in their favor and for all other such relief as the Court shall find just and proper.

Respectfully submitted,

/s/ Matthew J. Fogelman
Matthew J. Fogelman (BBO #653916)
FOGELMAN & FOGELMAN LLC
100 Wells Avenue
Newton, MA 02459
617-559-1530
**mjf@fogelmanlawfirm.com**

Of Counsel:

William J. Leonard
Richard P. Limburg
Obermayer Rebmann Maxwell & Hippel LLP
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-665-3000
william.leonard@obermayer.com
richard.limburg@obermayer.com

4670695

## CERTIFICATE OF SERVICE

    I hereby certify that on November 26, 2012, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 26, 2012        <u>/s/ Matthew J. Fogelman</u>

4670695